## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

DAVID T. IVY, on behalf of himself
and others similarly situated                                              PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 2:10CV1-B-S

KDXpress, LLC, and LLOYD K. ARMSTRONG,
Individually                                                               DEFENDANTS

## <u>ORDER</u>

This matter is before the court on motion of the plaintiff to strike certain affirmative

defenses from defendant's answer (# 7). After considering the matter, the court finds as follows:

With the present motion, the plaintiffs argue the defendants' affirmative defenses should

be stricken as insufficiently vague and ambiguous. The fifth circuit has held that such motions

should be stricken only where it is clear from the pleadings that the matter to be stricken has no

possible bearing on the controversy or is insufficient as a matter of law.  *August v. Bd. of Pub.*

*Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir. 1962).   Rule 8(b) of the

Federal Rules of Civil Procedure requires that a defendant need only "state in short and plain

terms" its defenses.  Moreover, Rule 8(c) requires a party to state affirmatively any avoidance or

affirmative defenses, and failure to comply with the rule could result in a party's waiver of the

defense. *Simon v. U.S.*, 891 F.2d 1154, 1157 (5th Cir. 1990); *Starcraft Co. v. C.J. Heck Co.*, 748

F.2d 982, 990 n.11 (5th Cir. 1984).

Accordingly, because the defendants' affirmative defenses are not deficient as a matter of

law and satisfy the dictates of Rule 8, the plaintiffs' motion is not well taken.

IT IS, THEREFORE, ORDERED that the plaintiffs' motion to strike certain affirmative

defenses in the defendants' answer (# 17) is hereby DENIED.

SO ORDERED, this the 1ST day of July 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE